IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Evans, | ) | C/A No.: 3:16-3202-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolina Richardson, Treasurer for | ) | REPORT AND RECOMMENDATION |
| Sumter County South Carolina, and | ) | |
| Sumter County, South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Reginald Evans ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Sumter County and Sumter County Treasurer Carolina Richardson ("Richardson") (collectively "Defendants") alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff states his mother owned some property before she died on July 27, 2007. [ECF No. 1 at 3]. Plaintiff claims his sister was appointed personal representative of the Luven River Estate, and she failed to pay its property taxes. *Id.* Plaintiff alleges the "Sumter County Treasurer and Auditor failed to check with Probate Court or notify the heirs of the property owner of the past due taxes." *Id.* Plaintiff claims he met with

Richardson on September 20, 2016, and "requested information on how to request the Tax Sale of property ID# 2291203031 be voided" based on S.C. Code Ann. § 12-51-150. *Id.* Plaintiff states Richardson refused to accept or process the request. Plaintiff argues that "because there is no good business reason[,] the refusal was based on the Plaintiff's race." *Id.* at 2.

Plaintiff further states: "On September 22, 2016 Jonathan W. Bryan the Sumter County Attorney stated via voicemail: That knowing the Plaintiff is requesting the tax sale be void, the county will change title of the land in question." *Id.* (errors in original). Plaintiff again argues that "because there is no good business reason[,] this action was based on his race." *Id.* Plaintiff claims "Sumter County and Sumter Treasury office has practice and pattern of taking Black Americans property without due process." *Id.* Plaintiff seeks monetary damages. *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28

U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true

3

the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant").

Plaintiff's claims are subject to summary dismissal. Although Plaintiff alleges Defendants discriminated against him based on his race, Plaintiff has not offered anything beyond his own speculation to show Defendants' actions related to the subject property were based on Plaintiff's race. The conclusory allegations in Plaintiff's complaint are insufficient to support his bare allegations of discrimination, and he therefore fails to state a viable civil rights action based on racial discrimination. *See Bongam v. Action Toyota, Inc.*, 14 F. App'x 275, 279–80 (4th Cir. 2001) (listing requirements to establish a discrimination claim under 42 U.S.C. § 1981); *see also Simmons v. Poe*, 47 F.3d 1370, 1376–78 (4th Cir. 1995) (discrimination claim under 42 U.S.C. § 1985). Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless").

Plaintiff's claims against Defendants are also subject to dismissal under the Eleventh Amendment, which bars suits by citizens against non-consenting states brought

either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including state agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (finding "that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 ("It has long been settled that references to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); S.C. Code Ann. § 4-1-10 (recognizing that in South Carolina, counties are a political subdivision of the state). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1]

---

[1] Congress has not abrogated the states' sovereign immunity under 42 U.S.C. §§ 1981, 1985. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979) (holding that § 1983 was not intended to abrogate states' Eleventh Amendment sovereign immunity); *Coffin v. South Carolina Dep't of Social Services*, 562 F. Supp. 579, 585 (D.S.C. 1983) (same with respect to §§ 1983, 1985, and 1986)); *Gilyard v. South Carolina Department of Youth Services*, 667 F. Supp. 266, 276 (D.S.C. 1985) (finding Congress did not abrogate state immunity for claims under § 1981). South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

Because Defendants are protected from Plaintiff's claims by the Eleventh Amendment, they should be summarily dismissed from this case.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process. The undersigned further recommends Plaintiff's motion for a temporary restraining order [ECF No. 6] be denied as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 4, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).