IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Reginald Evans,<br><br>    Plaintiff,<br><br>v.<br><br>Carolina Richardson, Treasurer for Sumter County South Carolina, and Sumter County, South Carolina, Inc.,<br><br>    Defendants. | C/A No. 3:16-3202-JFA<br><br>**ORDER** |

### I.     INTRODUCTION

Reginald Evans ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action against Carolina Richardson, Treasurer for Sumter County South Carolina ("Richardson"), and Sumter County, South Carolina ("Sumter County"), (collectively "Defendants") claiming a violation of his constitutional rights for Defendants' failure to void a tax sale held with regard to a house belonging to his mother's estate.[1] ECF No. 1.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2016, Plaintiff filed this action alleging Defendants violated his rights under Title VII of the Civil Rights Act as well as the Fifth and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 1. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 3, which was granted on October 4, 2016, by Magistrate Judge Shiva V. Hodges, ECF No. 10.

---

[1] Plaintiff labels Defendant Sumter County as "Sumter County South Carolina Inc." ECF No. 1; however, due to the fact that Sumter County is a county of South Carolina, this description has been removed to avoid confusion.

1

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this Court should summarily dismiss this action without prejudice and without issuance and service of process. ECF No. 11. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation as modified.[3]

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 4, 2016. ECF Nos. 11–12. The Magistrate Judge gave Plaintiff until October 21, 2016, to file objections. *Id.* On October 5, 2016, the Court received Plaintiff's objections to the Report. ECF No. 14.[4] Thus, this matter is ripe for the Court's review.

### III. DISCUSSION

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[3] In addition, with regard to appropriate dismissal under 28 U.S.C. § 1915, the Court adds that 28 U.S.C. § 1915(e)(2)(B)(iii) allows dismissal if the action "seeks monetary relief against a defendant who is immune from such relief"; however, as discussed *infra*, the Court rejects the Report's recommendation that this matter be dismissed due to immunity without more support than Sumter County is a political subdivision. *See Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 362 (2009) (quoting *Reynolds v. Sims*, 377 U.S. 533, 575 (1964)) ("Political subdivisions of States—counties, cities, or whatever—never were and never have been considered as sovereign entities.").

[4] On October 13, 2016, Defendants filed a motion to dismiss claiming that Plaintiff attempted to serve them on September 23, 2016, and requesting an additional twenty days to respond to Plaintiff should this Court not adopt the Report. ECF No. 15. On October 28, 2016, Plaintiff responded to Defendants' motion and requested to amend his complaint to include retaliation and harassment claims due to actions taken by the buyer of the property, "Sumter Police Department," "Sumter County Attorney," and "Manager of Sumter City Water Department" to remove Plaintiff from the property and keep the utilities off. ECF Nos. 17 at 2–3; 18. However, Plaintiff has failed to state a claim, and, thus, this amendment would be futile and is denied.

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, the Magistrate Judge recommended that Plaintiff's claim be summarily dismissed without prejudice and without issuance and service of process because he fails to state a plausible claim for relief against Defendants. ECF No. 11 at 1, 4, 7. Specifically, the Magistrate Judge noted, "The conclusory allegations in Plaintiff's complaint are insufficient to support his bare allegations of discrimination, and he therefore fails to state a viable civil rights action based on racial discrimination." *Id.* at 4.

Plaintiff filed this action pursuant to "Title VII of the Civil Rights Act, Fifth Amendment, and Fourteenth Amendments to the United States Constitution." ECF No. 1 at 1. Furthermore, Plaintiff alleged that this Court has jurisdiction to hear his claims "pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, Fifth and Fourteenth Amendments to the United States Constitution." ECF No. 1 at 2. However, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-16 are inappropriate because they address employment discrimination issues—none of which are raised here. In addition, the Fifth Amendment applies to the federal government. In contrast, the Fourteenth Amendment may be applicable as an equal protection or due process claim raised through 42 U.S.C. § 1983.[5] Thus, the Court will proceed upon the basis of federal question jurisdiction.

---

[5] Within his objections to the Report, Plaintiff requested the ability to amend his complaint to include "[I]f the defendant violated any state or federal Civil Rights Act and Fair Housing Acts." ECF No. 14 at 3. Presumably, Plaintiff is referring to the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq.; however, this act was enacted to address discriminatory practices such as zoning laws "that function unfairly to exclude minorities from certain neighborhoods without any sufficient justification." *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2522 (2015). "[P]laintiffs may establish a

**A. Objections**

Plaintiff makes four specific objections to the Report: Plaintiff asserts (1) his case should not be dismissed for failure to state a claim because he is a member of a protected class and unable to prove intent without discovery or an answer from Defendants; (2) the Report's citation to *Bongam v. Action Toyota, Inc.*, 14 F. App'x 275 (4th Cir. 2001), is inappropriate because that case was presented to a jury; (3) this matter should not be dismissed due to Eleventh Amendment immunity because Defendants may consent to suit, injunctive relief is allowed against state officials, and Defendants may not be entitled to immunity as a county; and, lastly, (4) his temporary restraining order ("TRO") request should not be denied as moot because, if not issued, he will suffer "un-revers able harm" and needs to prevent retaliatory acts against him. ECF No. 14. The Court will address each objection in turn.

**1. Objection to Dismissal for Failure to State a Claim**

Plaintiff objects to the Report's recommendation that his suit be dismissed for failure to state a claim. ECF No. 14 at 1.

To state a claim under § 1983, a plaintiff must allege a right secured by the Constitution or laws of the United States was violated, and the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (emphasis

---

*prima facie* case of racial discrimination under the Fair Housing Act in two ways: by showing either that the act or practice complained of was racially motivated, or that it has a racially discriminatory impact." *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984). Plaintiff has not provided sufficient facts to support a claim under this act, and, thus, his request to amend is denied as futile.

added). A due process issue arises when a State deprives a person of property without due process of law. U.S. Const. amend. XIV.

In addition, this Court liberally construes Plaintiff's complaint to raise a claim pursuant to 42 U.S.C. § 1982, which states, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To state a claim under § 1982, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a [property] interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006).[6]

However, despite these available avenues, Plaintiff fails to state a claim upon which relief can be granted against Defendants because he only conclusory alleges that Defendants have denied his request to void the tax sale for "no good business reason" so "this action was based on [his] race." ECF No. 1 at 2. Within his factual allegations, Plaintiff alleges that his mother passed away in 2007, and his sister was appointed as the personal representative of his mother's estate; however, his sister failed to pay the taxes on the property. *Id.* at 3. Plaintiff alleges that the estate is still open, and Defendants "failed to check with Probate Court or notify the heirs of the property owner of the past due taxes." *Id.* Plaintiff alleges, on September 20, 2016, he met with Defendant Richardson and requested information regarding voiding the tax sale under S.C. Code Ann. § 12-51-150, but she refused to "process his request and because there is no good business reason the refusal was based on the Plaintiff's Race." *Id.* at 2. Then, Plaintiff alleges that two days later the attorney for Sumter County left him a voicemail and stated, "That knowing the Plaintiff is

---

[6] "[The United States Supreme Court's] precedents have long construed §§ 1981 and 1982 similarly." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 348 (4th Cir. 2013) (quoting *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 447 (2008)).

5

requesting the tax sale be void, the county will change title of the land in question." Again, "Plaintiff contends because there is no good business reason this action was based on his race." *Id.* Plaintiff's conclusory assertion that Defendants have a "practice and pattern of taking Black Americans property without due process" is not supported by any additional facts. *Id.*

Plaintiff fails to explain why there was "no good business reason" for denial of his request as well as allege how Defendants have violated his rights or failed to comply with the applicable statute governing alternate procedures for collection of property taxes. The statute cited by Plaintiff states:

> If the official in charge of the tax sale discovers before a tax title has passed that there is a failure of any action required to be properly performed, the official *may* void the tax sale and refund the amount paid, plus interest in the amount actually earned by the county on the amount refunded, to the successful bidder. If the full amount of the taxes, assessments, penalties, and costs have not been paid, the property must be brought to tax sale as soon as practicable.

S.C. Code Ann. § 12-51-150 (2006) (emphasis added).

Plaintiff alleges that the estate is still open, and Defendants "failed to check with Probate Court or notify the heirs of the property owner of the past due taxes." *Id.* at 3. However, Plaintiff overlooks the statute's requirements that the administrator of the estate is responsible with regard to the payment of taxes. *See* S.C. Code Ann. § 12-37-740 (stating "[a]ll persons required by law to list property for others shall list it separately from their own and in the name of the owner thereof but shall be personally responsible for the taxes" and "in the case of estates administered, the property shall be listed and assessed as the property of 'the estate of' the person deceased"). Plaintiff does not allege that his sister was not notified of the taxes due on the property. In fact, he alleges that she did not pay the taxes, which seems to acknowledge that she received notice and payment was her responsibility. ECF No. 1 at 3. Furthermore, Plaintiff has only alleged that he is an heir of an estate that is being administered—not a devisee listed in his mother's will to receive

6

the property, an heir where there has been no administration of the estate, nor a remainderman or life tenant such that he was entitled to notice. *See Osborne v. Vallentine*, 12 S.E.2d 856, 858–59 (S.C. 1941); *Koth v. Pallachucola Club*, 61 S.E. 77, 78 (S.C. 1908); *Taylor v. Jennings*, 106 S.E.2d 391, 394–95 (S.C. 1958).

In *Pollitzer v. Beinkempen*, the "plaintiffs contend[ed] the tax sale was invalid, because the land was listed and assessed as lands of the estate of Chas. S. Kuh, and not in the name of his heirs at law." 57 S.E. 475, 476 (S.C. 1907). The South Carolina Supreme Court held that the tax title was valid when the property in question "had been assessed in the name of 'the estate of Chas. S. Kuh' . . . for the reason that there was an administration of the estate in question, and the statute required the administrator to return the land for taxation in the name of the estate of the deceased person." *Taylor*, 106 S.E.2d at 394–95 (discussing the holding in *Pollitzer*). In addition, the South Carolina Supreme Court stated, "it is not reasonable to suppose the General Assembly would impose upon tax officers the duty to unravel complicated inheritances and ascertain the heirs. On the other hand, to require the return to be made by the administrator in the name of the estate, and the collection of the taxes from the property of the estate is fair to all, both creditors and heirs." *Pollitzer*, 57 S.E. at 477. The language evaluated by the South Carolina Supreme Court in *Pollitzer* is nearly identical to the present day language of S.C. Code Ann. § 12-37-740. Therefore, based upon the language of the statute and relevant case law, Plaintiff has not properly alleged how Defendants violated his rights as the South Carolina Supreme Court has not interpreted an heir is entitled to notice under the particular facts alleged. *See Pollitzer*, 57 S.E. at 475–77; *see also* S.C. Code Ann. § 12-51-40(a)–(b) (stating Defendants need only mail a notice of delinquent property taxes to "the defaulting taxpayer and to a grantee of record of the property . . . to the best address

7

available" and if the taxes remain unpaid after thirty days, then the officer may take exclusive possession of the property).

Because Plaintiff has failed to plausibly allege he was entitled to notice such that his right was violated, provide a basis for his racial discrimination belief other than there was "no good business reason," or assert how Defendants did not follow the proper procedure to collect the past due taxes, *see* S.C. Code Ann. § 12-51-40 et seq., Plaintiff has failed to state a claim upon which relief can be granted against Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Objection to Applicability of *Bongam*

Plaintiff's second objection relates to the applicability of *Bongam v. Action Toyota, Inc.*, 14 F. App'x 275 (4th Cir. 2001), to this case. Plaintiff claims it is distinguishable because, in *Bongam*, the case was allowed to proceed before a jury. ECF No. 14 at 2. However, the Report simply referenced *Bongam* to provide an example of the requirements necessary to establish a claim under 42 U.S.C. § 1981. 14 F. App'x at 280 ("To establish a prima facie case under § 1981, the plaintiff must show (1) that he 'is a member of a protected class'; (2) 'that the defendant had the intent to discriminate [against him] on the basis of race'; and (3) that the discrimination interfered with his right to contract."). Therefore, this objection is irrelevant to the analysis.

### 3. Objection to Eleventh Amendment Immunity

Plaintiff objects to the recommendation that this matter be dismissed due to immunity under the Eleventh Amendment because Defendants may consent to suit, injunctive relief is allowed against state officials, and Defendants may not be entitled to immunity as a county. ECF No. 14 at 3. Plaintiff is correct that Defendants are not automatically entitled to immunity under the Eleventh Amendment by virtue of their identity as a county.[7]

---

[7] Plaintiff objects that, in the event Defendants were entitled to immunity, they may be sued under certain exceptions—if they consented to suit or it is for injunctive relief. ECF No. 14 at 3. The issue of whether

The United States Supreme Court has stated, "The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280–81 (1977) (internal citations omitted). The Fourth Circuit has abided by this position and stated, "The Eleventh Amendment limits the Article III jurisdiction of the federal courts to hear cases against States and state officers acting in their official capacities. Eleventh Amendment immunity does not extend to mere political subdivisions of a State such as counties or municipalities." *Kitchen v. Upshaw*, 286 F.3d 179, 183–84 (4th Cir. 2002) (citing *Mt. Healthy City School Dist. Bd. of Education*, 429 U.S. at 280).[8] More recently, the Fourth Circuit explained, "The purpose of the arm-of-state inquiry is to distinguish arms or alter egos of the state from 'mere political subdivisions of [the] State such as counties or municipalities,' which, though created by the state, operate independently and do not share the state's immunity." *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 804 F.3d 646, 651 (4th Cir. 2015), *cert. denied*, (U.S. Jan. 9, 2017).

In *Lawson v. Union Cty. Clerk of Court*, the Fourth Circuit discussed whether the Clerk of Court for Union County in South Carolina was entitled to immunity under the Eleventh Amendment. 828 F.3d 239 (4th Cir. 2016), *as amended* (July 8, 2016). The Fourth Circuit explained that four nonexclusive factors are considered to determine whether an entity is an arm of the state:

---

Defendants are entitled to immunity under the Eleventh Amendment is not fully analyzed here as this matter is being dismissed for failure to state a claim, and, thus, whether there are applicable exceptions will not be discussed.

[8] In addition, Plaintiff argues that the Eleventh Amendment does not apply because it is with regard to a citizen of another state. ECF No. 14 at 3. "Although, by its terms, the Eleventh Amendment does not prevent a citizen of a state to sue that state in federal court, it has been construed to bar such suits." *Kitchen*, 286 F.3d at 184 (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

9

> (1) whether any judgment against the entity as defendant will be paid by the State or whether any recovery by the entity as plaintiff will inure to the benefit of the State; (2) the degree of autonomy exercised by the entity, including such circumstances as who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions; (3) whether the entity is involved with state concerns as distinct from non-state concerns, including local concerns; and (4) how the entity is treated under state law, such as whether the entity's relationship with the State [is] sufficiently close to make the entity an arm of the State.

*Id.* at 250–51 (quoting *S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008)). The Fourth Circuit concluded, "Applying the *Hoover* factors to the record before us, we see no evidence that the Clerk's Office is anything but a county agency that operates locally as an independent subdivision of the state." *Id.* at 251. Whether Defendants were acting as an arm of the State remains to be discussed.[9] However, due to Plaintiff's failure to state a claim, additional analysis of this issue is not warranted.

### 4. Objection Regarding Temporary Restraining Order

Plaintiff objects to the recommendation that his request for a TRO be deemed moot because, if not issued, he will suffer "un-revers able harm" and needs to prevent retaliatory acts against him. ECF No. 14 at 3–4. In addition, Plaintiff states the TRO is necessary to prevent law enforcement in Sumter County from physically harming or forcing him to vacate the property. *Id.* However, because Plaintiff has failed to state a claim upon which relief can be granted, it is not proper for this Court to order a temporary restraining order or preliminary injunction in this case.

---

[9] *Compare N. Ins. Co. of N.Y. v. Chatham Cty., Ga.*, 547 U.S. 189, 194 (2006) ("Because the County may claim immunity neither based upon its identity as a county nor under an expansive arm-of-the-State test, the County is subject to suit unless it was acting as an arm of the State, as delineated by this Court's precedents, in operating the drawbridge.") *with Parker v. Bates*, 56 S.E.2d 723, 726 (1949) ("Counties are subdivisions of the State, subordinate and subject to legislative control, created and existing with a view to the policy of the State and serving as its agencies. Generally speaking they function as such and as instrumentalities of the State for purposes of political organization and local administration.") (internal citations omitted).

*See* Fed. R. Civ. P. 65(b); *League of Women Voters of N. Carolina v. N. Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (stating necessary elements of a preliminary injunction).

### B. Plaintiff's Motion to Amend His Complaint

Plaintiff moved to amend his complaint to include retaliation and harassment claims; however, the facts provided reflect that actors—allegedly on behalf of Sumter County—have refused to turn on the water or public sewer at the property, charged Plaintiff with trespassing on the property, and assisted the buyer of the property in attempts to remove Plaintiff. ECF No. 18. As discussed *supra*, Plaintiff has not sufficiently alleged that he has a right to remain on the property and, thus, he has failed to allege that the actions taken are improper. Due to the analysis above, Plaintiff's motion to amend (ECF No. 18) and for a temporary restraining order or preliminary injunction (ECF No. 6) are denied as futile or moot.[10]

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law as modified. Accordingly, the Court **ADOPTS** the Report and Recommendation in part, ECF No. 11, and Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, Plaintiff's motion for a temporary restraining order or preliminary injunction

---

[10] Plaintiff requested that this Court find Defendants in default should they fail to answer his complaint by November 22, 2016; however, as the Magistrate Judge issued an order directing the Clerk of Court not to issue a summons or forward the matter to be served, Plaintiff's complaint was not properly served and Defendants are not in default. *See* ECF Nos. 10 at 1; 15 at 1.

(ECF No. 6), Defendants' motion to dismiss (ECF No. 15), and Plaintiff's motion to amend his complaint (ECF No. 18) are denied as moot or futile.

    IT IS SO ORDERED.

January 25, 2017                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge