IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Reginald Evans, <br><br> Plaintiff, <br><br> v. <br><br> Carolina Richardson, Treasurer for Sumter County, South Carolina; Sumter County, South Carolina; Yolanda Jefferson, Agent of Sumter County, South Carolina; and Kristi Fisher Curtis, <br><br> Defendants. | C/A No. 3:16-3202-JFA <br><br><br> **ORDER** |

I.  **INTRODUCTION**

Reginald Evans ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this second complaint claiming a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review. The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's second complaint should be dismissed without prejudice such that he can bring his claims in the appropriate jurisdiction. (ECF No. 94).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

This case has a long history before this Court as it was originally filed on September 23, 2016. (ECF No. 1). The Magistrate Judge's Report thoroughly and accurately recites the factual and procedural background giving rise to this action in detail. (ECF No. 94). Currently before the Court for review is Plaintiff's second amended complaint. (ECF No. 89). Plaintiff alleges Defendants violated his constitutional rights by taking property belonging to his mother's estate in an unlawful tax sale. (ECF No. 1). The Magistrate Judge recommends dismissing Plaintiff's second amended complaint without prejudice. (ECF No. 94).

### A. This Court Lacks Jurisdiction over Plaintiff's Claims

Despite a Fourth Circuit ruling that the Tax Injunction Act bars this Court from considering Plaintiff's claims (ECF No. 34), Plaintiff continues to seek relief in this court for Defendants' alleged unlawful tax sale of property within his mother's estate. (ECF No.1, 41, 89). Although Plaintiff has been granted leave to amend his complaint twice, he still has not stated a claim upon

which relief can be granted because the Court still lacks jurisdiction over his claims. "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the court of such State." 28 U.S.C. § 1341. As the Magistrate Judge points out, Plaintiff does have an adequate remedy in state court. However, Plaintiff disagrees.

In his Objections, Plaintiff argues that the Magistrate Judge incorrectly concluded that his claims are barred by the Tax Injunction Act because his claims were for constitutional violations. (ECF No. 97). While Plaintiff is correct that he has brought this cause of action pursuant to 42 U.S.C. § 1983, the substance of Plaintiff's claim concerns an "unlawful tax sale," and therefore, is governed by the Tax Injunction Act. (ECF No. 97). In *Lawyer v. Hilton Head Public Service Dist. No. 1*, the Fourth Circuit Court of Appeals held that the Tax Injunction Act and the comity doctrine precluded the district court from exercising jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 when those claims involved alleged unauthorized collections of real and personal property taxes. *Lawyer v. Hilton Head Public Service Dist. No. 1*, 220 F.3d 298 (4th Cir. 2000).

Additionally, Plaintiff argues he does not have an available state remedy because he was denied leave to proceed *in forma pauperis* in state court. (ECF No. 97). Plaintiff's inability to get into to state court does not automatically warrant review by the federal court. If the Court lacks jurisdiction over Plaintiff's claims, the Court's hands are tied. Therefore, the Court dismisses Plaintiff's claims without prejudice such that he can seek relief for his claims in the appropriate court.

### B. Plaintiff's Claims against Defendant, Jefferson, are Dismissed

Plaintiff has named Yolanda Jefferson as a Defendant; however, Plaintiff fails to explain how

Defendant Jefferson is an agent of Sumter County such that she can be sued under 42 U.S.C. §1983. In the Report, the Magistrate Judge recommends dismissing Plaintiff's claims against Defendant Jefferson because the Magistrate Judge finds Defendant Jefferson is not a person acting under the color of state law for the purposes of §1983. (ECF No. 94). In his Objections, Plaintiff argues that "Jefferson can be construed as a state actor in this action" because Defendant Jefferson was entangled with Defendant Richardson and Sumter County. Plaintiff's example of Defendant Jefferson's entanglement is that Defendant Jefferson made statements to Plaintiff "on how closely she worked with and know[s] Sumter County officials and she was going to take the property." (ECF No. 97).

However, Plaintiff's example still fails to establish how Defendant Jefferson's conduct can be attributed to the state. In *Lugar v. Edmondson Oil Co.*, the Supreme Court held that "the conduct that allegedly caused the deprivation of a federal right must be fairly attributable to the State" before an action can be considered to be state action. *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753 (1982). The Court established a two-part test for determining when person's action can be considered state action. "First the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the State or by a person for whom the State is responsible…Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* In his Complaint and Objections, Plaintiff has failed to demonstrate how Defendant Jefferson or her conduct fits into any of the categories set forth in the two-part test. (ECF No. 89, 97). Assuming Defendant Jefferson made the statements alleged in Plaintiff's Objections, these statements do not rise to the level of conduct contemplated

by the Supreme Court in *Lugar* to allow suit under § 1983. Additionally, Plaintiff argues that Defendant Jefferson acted as a person and a LLC in this action, however, the Court has not found any support for this assertion. The Report points out and the Court agrees, Plaintiff has only shown that Defendant Jefferson is private party who purchased his mother's property. (ECF No. 94). Therefore, Plaintiff's claims against Defendant Jefferson are summarily dismissed. (ECF No. 89).

### C. Plaintiff's Claims against Magistrate Curtis are Dismissed

Plaintiff alleges Defendant, Magistrate Curtis, violated his Fourteenth Amendment Right to due process and Fifth Amendment Right to equal protection. (ECF No. 89). The Magistrate Judge recommends dismissing the claims against Magistrate Curtis because she is entitled to judicial immunity. (ECF No. 94). In his Objections, Plaintiff argues that Magistrate Curtis is not entitled to judicial immunity because she acted in absence of all jurisdiction. (ECF No. 97). Plaintiff explains Magistrate Curtis acted without jurisdiction by denying him a jury trial and signing a writ fully aware Defendant Jefferson did not own the property. (ECF No. 97). This Court finds, as the Magistrate Judge did, that Plaintiff's allegations concern Magistrate Curtis' rulings. (ECF No. 94). The Supreme Court has held that judges have absolute immunity for claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Therefore, Magistrate Curtis is entitled to judicial immunity and Plaintiff's claims against Magistrate Curtis are dismissed.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 94).

Therefore, the Court dismisses Plaintiff's second amended complaint without prejudice. (ECF No. 89).

IT IS SO ORDERED.

October 9, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge